# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Debra Flanigan, ) <br> ) <br>       Plaintiff, ) <br> ) <br>    v. ) <br> ) <br> Christine Masterson and the Village ) <br> of Romeoville, ) <br> ) <br>       Defendants. ) | Case No. 15 C 7715 <br><br> Judge John Robert Blakey |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Debra Flanigan, with the assistance of counsel, sued Officer Christine Masterson and Masterson's employer, the Village of Romeoville, alleging violation of §1983, malicious prosecution and abuse of process. Complaint [1]. The Defendants have moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted [12]. As noted below, the Court grants the motion to dismiss.

Under Rule 12(b)(6), this Court must construe the Complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts and draw reasonable inferences in her favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. *Yeftich*, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are

central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

To survive Defendants' motion under Rule 12(b)(6), Plaintiff must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged," but "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008)).

Plaintiff alleges that Masterson and other Romeoville Police Officers executed a search warrant for Plaintiff's son at Plaintiff's residence. Complaint [1], ¶5. At that time, Plaintiff's son was not home, but in the course of executing the search warrant, the officers allegedly screamed and cussed at Plaintiff and her husband, forced them to the floor, handcuffed them while pointing guns at them and detained them for ninety minutes. *Id.*, at ¶7, 11-12. The Complaint further alleges that, while Plaintiff was handcuffed, Defendant Masterson fondled her breasts and another officer intentionally stepped on Plaintiff's face, causing pain. *Id.*, ¶13. Plaintiff's §1983 claim is not, however, based on these allegations.

Instead, the Complaint alleges that, after this incident, Defendant Masterson filed a criminal complaint against Plaintiff for obstructing a police officer.

2

Complaint [1], ¶33. That criminal complaint, which is attached to the civil Complaint filed in this case, charges that, on August 23, 2013, Plaintiff "knowingly obstructed the performance of Christine Masterson" when she "refused to lay on her stomach after being ordered to do so . . . ." Criminal Complaint, Case No. 2013 CM 3285 (attached as Exhibit 1 to the Complaint) [1-1]. As a result of the criminal complaint, a warrant was issued for Plaintiff's arrest. According to the Complaint, Plaintiff had no knowledge of the criminal complaint or the warrant until she was pulled over for a traffic violation based upon an admittedly expired vehicle registration sticker. Complaint [1], ¶¶34-36. She was arrested on the criminal complaint and, ultimately, the criminal case was later dismissed. *Id.*, ¶41.

In her Complaint before this Court, Plaintiff alleges violation of 42 U.S.C. §1983, malicious prosecution and abuse of process. But the basis for her §1983 claim does not arise from anything that happened at her home on August 23, 2013. Rather, the basis for Plaintiff's §1983 claim arises from Defendant Masterson's filing of the criminal complaint for obstructing a police officer.

As a general matter, the Seventh Circuit has held that neither the Fourth Amendment, nor the Fourteenth Amendment's Procedural Due Process Clause, creates a "federal right not to be summoned into court and prosecuted without probable cause." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011) (quoting *Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010)). Instead, §1983 malicious prosecution suits are allowed only "when the relevant state's law does not provide [plaintiffs] with a way to pursue such claims. *E.g., Newsome v. McCabe*, 256 F.3d

747, 750-51 (7th Cir. 2001). The same is true for §1983 abuse of process claims. *Adams v. Rotkvich*, 325 F. App'x 450, 453 (7th Cir. 2009)("abuse of process is not a free-standing constitutional tort if state law provides a remedy for abuse of process"). Under the relevant state law here, Illinois recognizes tort claims for both malicious prosecution and abuse of process, and it provides a remedy for both. *Ray*, 629 F.3d at 664 (citing *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (1996)); *Adams*, 325 F. App'x at 453 (citing *Podolsky v. Alma Energy Corp.*, 143 F.3d 364, 372 (7th Cir. 1998); *Kirchner v. Greene*, 691 N.E.2d 107, 116 (1998)). Thus, as presented here, Plaintiff's claims for malicious prosecution and abuse of process are not cognizable under §1983.

In response to Defendants' motion to dismiss, Plaintiff argues that her malicious prosecution claim should be allowed because "in certain situations, malicious prosecution can be a step on the road to a constitutional violation, for which redress is available under §1983." Response [16], p. 1. Plaintiff cites *Mahoney v. Kesery*, 976 F.2d 1054 (7th Cir. 1992), to support her position. In that case, the jury determined that the officer had arrested Mahoney without probable cause and had also violated Mahoney's constitutional right to due process of law. *Mahoney*, 976 F.2d at 1056. On appeal, the Seventh Circuit recognized that malicious prosecution, though by no means trivial, is not itself a constitutional tort, but that it "can be a link in a chain showing a deprivation of liberty or property without due process of law." *Id.* at 1060-61. In *Mahoney*, for example, the plaintiff successfully argued to the jury that the defendant's filing of the criminal charges–

4

which was intended to induce him to "spill the beans" about the case–infringed upon his Fifth Amendment right not to be forced to incriminated himself. *Id.* at 1061.

This case, however, is not analogous to *Mahoney*. Plaintiff, unlike Mahoney, does not allege that she was compelled by the filing of a frivolous criminal complaint to incriminate herself in any criminal matter, nor that was she otherwise compelled to compromise her constitutional rights. Likewise, the Complaint fails to set forth any manner in which the criminal complaint constituted a link in a chain to the infringement of any constitutional right. Plaintiff is not challenging anything that happened during the execution of the search warrant in her home, nor is she challenging her traffic stop or arrest. She concedes as much in response to the motion to dismiss, and the allegations of her Complaint here challenge only the filing of the criminal complaint itself, nothing more. Accordingly, dismissal under Rule 12(b)(6) is appropriate.

Having determined that Plaintiff's federal cause of action must be dismissed for failure to state a claim, the Court declines to exercise jurisdiction over the state law claims. Defendants' motion to dismiss [12] is granted.

Date: January 25, 2016

                                          ENTERED:

                                          _____
                                          John Z. Lee
                                          United States District Judge